RECEIVED
AUG 28 2017
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| LEE BLANKENSHIP | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| THE CITY OF JOLIET, WILL COUNTY, JOLIET POLICE DEPARTMENT, JOLIET NARCOTIC AGENTS, KEVIN SEPULVEDA #174, MICHELLE BANAS #325, DONALD MCKINNEY #319, LT. EGIZIO #26, SGT. MAY, JOLIET TACTICAL OFFICERS, THOMAS CONROY #271, TERRENCE GRUBER #261, ZETTERGREN #339, PAYNE #141, KILGORE #332, SGT. STEFANSKI #82, PATROL OFFICERS, NICODEMUS #206, MAU #322, DET. D. WEIS | ) ) ) ) ) ) ) ) ) ) ) ) | Case No.<br><br>Jury Trial Demanded<br><br>1:17-cv-06246<br>Judge Andrea R. Wood<br>Magistrate Judge Mary M. Rowland<br>PC 1 |
| Defendants. | ) | |

## COMPLAINT

Now comes Plaintiff, LEE BLANKENSHIP, Pro-Se complaining of Defendants, seeks damages from THE CITY OF JOLIET, WILL COUNTY, JOLIET POLICE DEPARTMENT, JOLIET NARCOTIC AGENTS, KEVIN SEPULVEDA #174, MICHELLE BANAS #325, DONALD MCKINNEY #319, LT. EGIZIO #26, SGT. MAY, JOLIET TACTICAL OFFICERS, THOMAS CONROY #271, TERRENCE GRUBER #261, ZETTERGREN #339, PAYNE #141, KILGORE #332, SGT. STEFANSKI #82, PATROL OFFICERS, NICODEMUS #206, MAU #322, DET. D. WEIS.

### Cause of Action

This action is brought pursuant to 42 U.S.C. Section 1983 to redress the deprivation under color of law of Plaintiff's rights as secured by the United States Constitution.

Specifically, as a result of egregious misconduct by law enforcement, Plaintiff, Lee Blankenship, was wrongfully arrested for a crime he did not commit.

### Jurisdiction and Venue

This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. Section 1331.

1

Venue is proper pursuant to 28 U.S.C. Section 1391 (b). All parties reside in the judicial district, and the events giving rise to the claims asserted herein occurred within the district.

## Factual Background

These claims derive from the false arrest, false imprisonment and prosecution of Lee Blankenship for possession of a controlled substance. On September 1, 2016 the Joliet Police executed a search warrant for 514 South Eastern Ave., Apt. 3, Joliet, IL.. The search warrant listed for Lee Blankenship and the premises be searched even though he does not reside there. Brian Andrews a person whom Blankenship knows leased this apartment.

Lee Blankenship was walking in between 508 and 510 South Eastern when he was detained and searched. No illegal items where found on him. Blankenship was then placed in a police vehicle while other officers searched the apartment. No one was inside of the residence. Sometime later the officer who was driving the vehicle Blankenship was in got a phone call and started pulling off. Blankenship constantly told the officer that he did not live at the apartment, but he continued to proceed to the police department.

After Blankenship continued to plead his case at the police station he asked the officer to get someone to come and talk to him. The officer called someone and told Blankenship that they said if he wasn't going to fess up there was nothing to talk about. He was then placed into the custody of the Will County Adult Detention Facility. Blankenship did not find out the exact reason he was arrested until two months later.

Allegedly 0.2 grams of cocaine was found in the pocket of a pair of pants that were either near or in a duffel bag with some other items and Blankenship's wallet. The police never entered the pants, duffel bag, wallet or any items inside the bag into evidence. This evidence was either lost or destroyed.

Blankenship does not live at 514 South Eastern nor does he own or has left any clothing or duffel bag at that address.

Blankenship also found out that the police made false statements in their reports and to the grand jury by stating that the pants and clothing inside the bag were his causing him to be indicted and prosecuted. The police withheld exculpatory evidence by not informing the prosecuting attorney that the apartment was not Blankenship's nor did they arrest or question Brian Andrews who is the sole leaseholder of the apartment.

Joliet Narcotic Agents, Kevin Sepulveda, Michelle Banas, and Donald McKinney summarized the Case Report where the fabricated evidence about the pants and clothing being Blankenship's and other fabricated evidence is located. Kevin Sepulveda presented this fabricated evidence to the grand jury and used the lost or destroyed evidence in his testimony which led to Blankenship's indictment. Joliet Tactical Officer Thomas Conroy located the pants the alleged cocaine was found in. Nothing was mentioned to the grand jury about the officers' different accounts of were the pants were actually located or who the apartment belonged to.

There was substantial amounts of evidence located in Brian Andrews apartment where all officers' involved would know that he was the leaser of the apartment. There were pictures of him and his family, along with the lease, light bills, gas bills, cable bills, medical bills, etc. At some point contact had to be made with the landlord, so there is no doubt that the officers' knew exactly who the apartment belonged to. But instead of arresting and questioning Andrews they conspired and decided to arrest Blankenship. In no report was Andrews name ever mentioned or that he was the sole leaseholder of the apartment.

All officers' named in the Complaint participated in executing the search warrant, the illegal arrest, wrongful imprisonment and prosecution of Blankenship. Several of these officers' have been involved in other cases or incidents involving misconduct, including but not limited to falsifying evidence.

## COUNT I

### (Due Process-42 U.S.C., Section 1983)

Plaintiff realleges, restates and incorporates by reference all paragraphs beforehand of this Complaint.

Defendants' while acting under color of law and within the scope of their employment as Joliet Police Officer's deprived Plaintiff of his Constitutional Right to Due Process.

The Defendants' failed to preserve material exculpatory evidence, fabricated evidence, then used this same evidence in their police reports and grand jury testimony. Thereby causing the false arrest of Plaintiff, causing him to be falsely imprisoned and causing him to be prosecuted.

Defendants' provided false allegations, lost or destroyed evidence and withheld exculpatory evidence which were the basis of the complaint.

Said acts were committed intentionally to prevent Plaintiff from negating his guilt and proving his innocence.

Absent this misconduct, the arrest and prosecution of Plaintiff could not and would not have been pursued.

As a result of the violation of his Constitutional Right to Due Process, Plaintiff suffered and continues to suffer injuries, including but not limited to time spent in custody.

## COUNT II

### (False Arrest-42 U.S.C., Section 1983)

Plaintiff realleges, restates and incorporates by reference Count I and all paragraphs beforehand of this Complaint.

Plaintiff was improperly seized and arrested by Defendant's without legitimate probable cause.

Plaintiff was denied liberty without justification in violation of the Constitution.

As a result of the above described wrongful infringement of Plaintiff's rights, he has suffered

damages, including but not limited to substantial mental distress and anguish.

This misconduct described in this was undertaken with malice, willfulness, and reckless indifference to the rights of others.

## COUNT III

### (False Imprisonment-State Claim)

Plaintiff realleges, restates and incorporates by reference, Counts I-II and all paragraphs beforehand of this Complaint.

Defendants' individually and/or jointly and in conspiracy, falsely imprisoned the Plaintiff without probable cause.

Defendants' are liable for this false imprisonment because it was proximately caused by their unlawful actions as set forth above.

The false imprisonment of the Plaintiff by the Defendants' continued from September 1, 2016 until the present.

## COUNT IV

### (Respondeat Superior-State Law Claim)

Plaintiff realleges, restates and incorporates by reference, Counts I-III and all paragraphs beforehand of this Complaint.

In committing the acts above, each of the Defendants' were members of and/or agents of, the Joliet Police Department acting at all relevant times within the scope of their employment.

Defendant, The Joliet Police Department, is liable for all torts committed by its agents.

## COUNT V

### (Indemnification-State Law Claim)

Plaintiff realleges, restates and incorporates by reference, Counts I-IV and all paragraphs beforehand of this Complaint.

In committing the acts above, each of the Defendants' were members of and/or agents of, the Joliet Police Department acting at all relevant times within the scope of their employment.

Defendant, The City of Joliet, is liable for the payment of any tort judgments entered against one of its employees so long as the employee was acting within the scope of his employment.

## COUNT VI

### (Malicious Prosecution-State Law Claim)

Plaintiff realleges, restates and incorporates by reference, Counts I-V and all paragraphs beforehand of this Complaint.

Defendants' initiated a criminal proceeding by the false arrest and prosecution of Plaintiff without probable cause.

Defendants' fabricated evidence in police reports, lost or destroyed evidence that would have negated Plaintiff's guilt, committed perjury before the grand jury and withheld exculpatory evidence, all in their effort to arrest and prosecute the Plaintiff.

Defendants' improper acts were committed with malicious intent. The misconduct described above caused Plaintiff to suffer injuries, including but not limited to the deprivation of his liberty deriving from the time spent in custody while awaiting trial.

The proceedings were terminated in Plaintiff's favor.

## COUNT VII

### (Conspiracy-42 U.S.C., Section 1983-State Claim)

Plaintiff realleges, restates and incorporates by reference, Counts I-VI and all paragraphs beforehand of this Complaint.

Defendants' together reached an understanding, engaged in a course of conduct, and otherwise jointly acted and/or conspired among and between themselves to falsely arrest and imprison Plaintiff.

In furtherance of this conspiracy, Defendants' named above, committed the overt acts set forth above

including, but not limited to, the wrongful imprisonment and prosecution of the Plaintiff, by failing to preserve, withhold and fabricate evidence, while knowingly presenting this false and incomplete evidence to prosecutors and the grand jury through reports and testimony.

Said conspiracy and overt acts were continued from September 1, 2016 until the present.

Defendants' acts, as set forth above, in action jointly and/or conspiring together to falsely imprison, maliciously prosecute and intentionally inflict emotional distress on Plaintiff constitutes the tort of conspiracy.

This conspiracy proximately caused the injuries to the Plaintiff as set forth above.

## COUNT VIII

### (Spoliation-State Claim)

Plaintiff realleges, restates and incorporates by reference, Counts I-VII and all paragraphs beforehand of this Complaint.

Defendants' the police have a "duty and obligation" imposed by the Constitution to preserve exculpatory evidence that might be expected to play a significant role in a suspects defense.

Defendants' breached that duty by failing to preserve the pants, duffel bag and items inside. This lost or destroyed evidence would have exonerated Plaintiff.

Defendants' made false statements about the missing evidence being Plaintiff's then intentionally lost it preventing him from proving his innocence.

Plaintiff could not prove that this evidence was not his because he could not cross examine it. Therefore, he could not prove that the Defendants' did not have probable cause for the arrest, imprisonment, and prosecution. Plaintiff also could not prove the Defendants' fabricated evidence by stating that the pants and clothing inside the bag belonged to him.

The failure to preserve this material exculpatory evidence prevented Plaintiff from proving his claims for false arrest, false imprisonment, malicious prosecution, fabrication of evidence, and

conspiracy.

Had Plaintiff been given his right to cross examine the evidence he could have proven that it was not his and establish that the Defendants' did not have probable cause for the arrest, imprisonment, or prosecution. Furthermore he could have proven that the Defendants' fabricated evidence by stating that the pants and clothing inside the bag were his.

The missing evidence causes the conspiracy claim to fail, because by not being able to prove the claims mentioned above which are a significant part of the conspiracy claim it prevents Plaintiff from proving this claim as well.

The results of the proceedings would have been different had this evidence been made available.

Wherefore, Plaintiff LEE BLANKENSHIP, respectfully request that this Court enter judgment in his favor and against Defendants', awarding compensatory damages, punitive damages, cost and attorney fees against each of the Defendants in their individual capacity and official capacity, as well as any other relief this Court deems just and appropriate.

## JURY DEMAND

Plaintiff, Lee Blankenship, hereby demands a trial by jury pursuant to Federal Rule of Civil Procedure 38(b) on all issues so triable.

Respectfully Submitted,

/s/ *Lee Blankenship*
LEE BLANKENSHIP

Lee Blankenship
95 South Chicago St.
Joliet, IL 60436

## PROOF OF SERVICE

Plaintiff, Lee Blankenship, deposes and states that on August 23, 2017 he mailed his Complaint by depositing it in the mailbox at the Will County Adult Detention Facility in Joliet, IL 60436, with fully paid postage addressed to the following:

Office of the Clerk
United States District Court
219 South Dearborn St.
Chicago, IL 60604

/s/ *Lee Blankenship*
LEE BLANKENSHIP

I. **Plaintiff(s):**

    A. Name: Lee Blankenship

    B. List all aliases: _____

    C. Prisoner identification number: 2016-00006277

    D. Place of present confinement: Will County Adult Detention Facility

    E. Address: 95 South Chicago St.

(If there is more than one plaintiff, then each plaintiff must list his or her name, aliases, I.D. number, place of confinement, and current address according to the above format on a separate sheet of paper.)

II. **Defendant(s):**
(In A below, place the full name of the first defendant in the first blank, his or her official position in the second blank, and his or her place of employment in the third blank. Space for two additional defendants is provided in B and C.)

    A. Defendant: The City of Joliet

        Title: _____

        Place of Employment: _____

    B. Defendant: Will County

        Title: _____

        Place of Employment: _____

    C. Defendant: Joliet Police Department

        Title: _____

        Place of Employment: _____

(If you have more than three defendants, then all additional defendants must be listed according to the above format on a separate sheet of paper.)

Revised 9/2007

D. Defendant: Kevin Sepulveda #174

   Title: Joliet Narcotic Agent

   Place of Employment: Joliet Police Department

E. Defendant: Michelle Banas #325

   Title: Joliet Narcotic Agent

   Place of Employment: Joliet Police Department

F. Defendant: Donald McKinney #319

   Title: Joliet Narcotic Agent

   Place of Employment: Joliet Police Department

G. Defendant: Lt. Egizio #26

   Title: Joliet Narcotic Agent

   Place of Employment: Joliet Police Department

H. Defendant: Sgt. May

   Title: Joliet Narcotic Agent

   Place of Employment: Joliet Police Department

I. Defendant: Thomas Conroy #271

   Title: Joliet Tactical Officer

   Place of Employment: Joliet Police Department

J. Defendant: Terrence Gruber #261

   Title: Joliet Tactical Officer

   Place of Employment: Joliet Police Department

K. Defendant: Zettergren #339

   Title: Joliet Tactical Officer

   Place of Employment: Joliet Police Department

L. Defendant: Payne #141

   Title: Joliet Tactical Officer

   Place of Employment: Joliet Police Department

M. Defendant: Kilgore #332

   Title: Joliet Tactical Officer

   Place of Employment: Joliet Police Department

N. Defendant: Sgt. Stefanski #82

   Title: Joliet Tactical Officer

   Place of Employment: Joliet Police Department

O. Defendant: Nicodemus #206

   Title: Patrol Officer

   Place of Employment: Joliet Police Department

P. Defendant: Mau #322

   Title: Patrol Officer

   Place of Employment: Joliet Police Department

Q. Defendant: D. Weis

   Title: Detective

   Place of Employment: Joliet Police Department

III. List ALL lawsuits you (and your co-plaintiffs, if any) have filed in any state or federal court in the United States:

    A. Name of case and docket number: Blankenship v. Obaisi 10-cv-542

    B. Approximate date of filing lawsuit: July 16, 2010

    C. List all plaintiffs (if you had co-plaintiffs), including any aliases: _____

    D. List all defendants: Saleh Obaisi, Kimberly Birch, John Shepherd, Donald Larson, Dan Field, John Cox

    E. Court in which the lawsuit was filed (if federal court, name the district; if state court, name the county): United States District Court for Southern District of Illinois

    F. Name of judge to whom case was assigned: G. Patrick Murphy

    G. Basic claim made: Deliberate Indifference

    H. Disposition of this case (for example: Was the case dismissed? Was it appealed? Is it still pending?): Summary Judgment granted in favor of defendant. It was appealed. Summary Judgment affirmed.

    I. Approximate date of disposition: November 5, 2014

**IF YOU HAVE FILED MORE THAN ONE LAWSUIT, THEN YOU MUST DESCRIBE THE ADDITIONAL LAWSUITS ON ANOTHER PIECE OF PAPER, USING THIS SAME FORMAT. REGARDLESS OF HOW MANY CASES YOU HAVE PREVIOUSLY FILED, YOU WILL NOT BE EXCUSED FROM FILLING OUT THIS SECTION COMPLETELY, AND FAILURE TO DO SO MAY RESULT IN DISMISSAL OF YOUR CASE. CO-PLAINTIFFS MUST ALSO LIST ALL CASES THEY HAVE FILED.**

To the Court:

    I had someone else prepare this Complaint for me. Of course I provided him with the necessary information surrounding my case but he took care of basically everything else. I paid close attention to what he was doing and by observing this I know that there is no way that I can represent myself in this matter. The person who prepared the Complaint is no longer at this facility. With that being said I am asking that counsel be appointed. I will continue my search for representation on my own but please take this into consideration. Thank you.

                                                            Sincerely,

                                                            Lee Blankenship