IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LEE BLANKENSHIP, ) <br> ) <br> Plaintiff, ) <br> v. ) <br> ) <br> THE CITY OF JOLIET, et al., ) <br> ) <br> Defendants ) | No. 17 C 6246 <br><br> Judge Andrea R. Wood <br><br> Magistrate Judge Mary M. Rowland |

**MOTION FOR INSTRUCTIONS**

Stephen L. Tyma, appointed counsel for Plaintiff Lee Blankenship, pursuant to Fed. R. Civ. P. 6(b) and other authorities, hereby requests that the Court provide instructions to counsel and, if the Court deems it appropriate, an extension of time from the December 7, 2018 date for filing an amended complaint in this matter. In support of his request, counsel represents as follows:

1. On September 11, 2018, after hearing a report on the status of Plaintiff's criminal case and, in particular, the delay for dealing with his appeal from his criminal conviction which results from the events alleged in the original *pro se* complaint in this matter, the Court entered an order which, among other things, set November 15, 2018 as the deadline by which Plaintiff is to file his amended complaint in this proceeding.

2. Counsel moved for an extension of time from the November 15, 2018 date in light of a serious family matter which had prevented counsel from attending to the task of preparing an amended complaint.

3. Counsel has since been unable to communicate with Plaintiff regarding amendment of the original complaint. Counsel has called Plaintiff's cellular phone number several times and has been unable to speak directly to Plaintiff. Counsel left voice messages each time asking Plaintiff

to contact him and explaining why counsel needed to talk to him. Plaintiff has thus far returned none of these messages. Counsel has also sent a letter to Plaintiff at an address in Joliet which Plaintiff told counsel was his mother's home and which was his own residence after he was released from custody in May 2018. The letter explained why counsel needed to speak with Plaintiff and stressed the necessity for Plaintiff to contact him as soon as possible. Plaintiff has yet to respond to the letter.

4. Plaintiff's participation in the process of amending the complaint is absolutely necessary. The original complaint names fourteen individual defendants, some by last name only, but did not indicate which of the individual defendants were responsible for any of the acts which Plaintiff alleged were wrongful. Counsel is unable to sort out which defendants might be named in which of the various causes of action which Plaintiff attempted to plead in the original complaint and therefore cannot ascertain if Plaintiff can actually maintain claims.

5. On March 8, 2018, counsel informed the Court that he had been contacted by an attorney who represented that the City of Joliet was his client and that he was aware of the filing of the complaint in this matter. Counsel has since spoken several times to this attorney, Michael Bersani of Hervas, Condon & Bersani, most recently on December 5, 2018. In that conversation, Mr. Bersani informed counsel that his clients would decline the request that they enter into a tolling agreement but offered to accept waivers of service of summons for the City of Joliet and for the individual police officers. Mr. Bersani declined a request to provide any information about the individual defendants but noted that, because their surnames were relatively uncommon, it would likely be easy to identify the officers in question and that the waivers would provide additional name information for those defendants named by surname only. The December 5, 2018 conversation was cordial, cooperative and professional in tone, and counsel believes that Mr. Bersani's position is not

unreasonable under the circumstances.

6. In a motion to extend the November 15, 2018 filing date set by the Court's September 11, 2018 Order, counsel noted that he previously has had difficulty communicating with his client regarding the client's review of draft documents. As of that time, the difficulty merely was one of the amount of time it took for counsel to reach Plaintiff and was not due to any fault of client or counsel. Plaintiff has been able to secure gainful employment, but his hours and the conditions of employment were such that he is not able to communicate with counsel during normal business hours and, given Plaintiff's status and the nature of his employment, Plaintiff was not in a position to ask his employer for extended time during the normal work day. However, Plaintiff has never informed counsel of where he is employed, so counsel is unable to contact him through his employer.

7. The relief sought in the present motion is not requested for purposes of delay other than to accommodate the circumstances described above, and the instructions and any attendant extension sought will not prejudice defendants, as no defendant has been served with process or appeared in this matter.

For the foregoing reasons, counsel, on behalf of and in the interests of Plaintiff Lee Blankenship, requests that the Court instruct him regarding the matter of preparation of an amended complaint and, if the Court deems it appropriate, extend the date by which Plaintiff is to file his amended complaint in this matter, and that the Court grant such other relief as the Court deems to be equitable and just under the circumstances.

Dated: December 13, 2018

Plaintiff Lee Blankenship

By: _____
His attorney

Stephen L. Tyma (styma@tymalaw.com)
Stephen L. Tyma, P.C.
105 West Madison Street, Suite 2200
Chicago, Illinois 60602-4648
(312) 372-3920
Illinois ARDC No. 6188452

Attorney for Plaintiff Lee Blankenship

S:\Client Files\Current\Litigation\Blankenship\MotInst.wpd
12132018-0412PM

4